721 S.E.2d 781

**In the Matter of Thomas Maurice GAGNE, Respondent.**

**No. 27056.**

Supreme Court of South Carolina.

Submitted Sept. 13, 2011.

Decided Oct. 24, 2011.

Lesley M. Coggiola, Disciplinary Counsel, and C. Tex Davis, Jr., Senior Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Desa A. Ballard, of Ballard Watson & Weissenstein, of West Columbia, for respondent.

PER CURIAM.

In this attorney disciplinary matter, the Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to the imposition of an admonition, public reprimand, or definite suspension not to exceed sixty (60) days. We accept the Agreement and definitely suspend respondent from the practice of law in this state for a sixty (60) day period. The facts, as set forth in the Agreement, are as follows.

### *FACTS*

#### *Matter I*

On or about April 21, 2005, Complainant A retained respondent to represent her in relation to injuries suffered in an automobile accident. Respondent received a proposed settlement check from the insurance company in the amount of $5,500.00 payable to Complainant A and respondent. Respondent endorsed his name on the check and someone in respondent's office endorsed Complainant A's name on the check. The check was negotiated and the proceeds deposited into respondent's trust account. After a subsequent meeting with Complainant A during which Complainant A informed respondent of her decision not to accept the proposed settlement and to pursue litigation, respondent returned the funds to the insurance company and withdrew as counsel for Complainant A.

There is a dispute as to whether Complainant A authorized respondent to settle the case. However, there is no dispute that respondent did not have Complainant A's express authority to endorse her name on the settlement check.

#### *Matter II*

Complainant B worked as an associate in respondent's law office. On or about July 8, 2008, Complainant B ceased working with the firm.

On July 14, 2008, Complainant B and respondent met in respondent's office and reached a verbal agreement that the

two of them would work together in a "loose association" on the remaining cases which they shared. This agreement eliminated the clients' rights to choose who would serve as counsel.

On July 15, 2008, respondent sent selection letters to the shared clients. Complainant B was not informed respondent sent the letters.

On July 16, 2008, Complainant B arrived at respondent's office to attend a recorded statement of one of their clients. Respondent met with Complainant B and informed him that respondent would be handling the case alone. Complainant B was directed to leave the office. When Complainant B asked about their earlier verbal agreement to handle the cases together, respondent replied that the agreement was not in writing. Respondent did not inform Complainant B that he had already sent selection letters to the clients with whom Complainant B had been working while an associate in respondent's office.

By letter dated July 18, 2008, respondent asked several clients who had already notified him in writing that they wished their files to be transferred to Complainant B to reconsider their decision.

Respondent represents that, through subsequent litigation and mediation, he and Complainant B reached an agreement to share the fees on cases that were transferred from respondent's office and completed by Complainant B. The division of fees was in compliance with Rule 1.5(e), RPC, Rule 407, SCACR.

### Matter III

Respondent represented the claimant in a worker's compensation matter. Complainant C is an attorney who represented the opposing party. On May 19, 2009, Complainant C arrived at respondent's office to depose the claimant. Respondent was not present.

Respondent had directed his paralegal to be present at the deposition on his behalf. The paralegal failed to disclose to Complainant C that he was not an attorney prior to the deposition. Complainant C began the deposition and questioned respondent's client for approximately thirty (30) min-

utes before, in response to a direct question, the paralegal revealed he was not an attorney. Complainant C immediately ceased the deposition. By letter dated May 19, 2009, respondent apologized for the misunderstanding and offered to reschedule the deposition at Complainant C's earliest convenience.

## *LAW*

Respondent admits that by his misconduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.2(a) (lawyer shall abide by client's decision whether to accept an offer of settlement); Rule 4.2 (lawyer shall not communicate about the subject of representation with a person the lawyer knows to be represented by another lawyer in the matter unless the lawyer has the consent of the other lawyer); Rule 5.3 (lawyer shall make reasonable efforts to ensure firm has in effect measures giving reasonable assurance conduct of non-lawyer retained by lawyer is compatible with professional obligations of lawyer; lawyer shall be responsible for conduct of non-lawyer retained by the lawyer if that conduct would be a violation of the Rules of Professional Conduct if engaged in by lawyer and lawyer ratifies the conduct); and Rule 8.4(a) (lawyer shall not violate Rules of Professional Conduct). Finally, respondent admits his misconduct constitutes a violation of Rule 7, RLDE, of Rule 413, SCACR, specifically Rule 7(a)(1) (it is ground for discipline for lawyer to violate Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers). We further find that, by directing his paralegal appear at a deposition on behalf a client, respondent also violated Rule 5.5(b), RPC, Rule 407, SCACR (lawyer shall not assist a person who is not a member of the bar in the unauthorized practice of law).

## *CONCLUSION*

We accept the Agreement for Discipline by Consent and definitely suspend respondent from the practice of law for a sixty (60) day period. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of

Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.