[939 NYS2d 923]

In the Matter of THOMAS M. GAGNE, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, March 16, 2012

**APPEARANCES OF COUNSEL**

*Andrea E. Tomaino, Principal Counsel, Seventh Judicial Grievance Committee,* Rochester, for petitioner.

*Thomas A. Gagne*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on February 26, 1992. By order entered October 24, 2011 (396 SC 247, 721 SE2d 781 [2011]), respondent was suspended by the Supreme Court of South Carolina (hereafter South Carolina Court) for a period of 60 days for violating various provisions of the South Carolina Rules of Professional Conduct. The South Carolina Court found that, in 2005, respondent received a settlement check payable to both respondent and a client, and respondent negotiated the check after an individual in respondent's office endorsed the check with the name of the client. The South Carolina Court further found that respondent did not have express authority from the client to endorse the check on her behalf. In addition, the South Carolina Court found that, in 2008, respondent and an attorney who had formerly been an associate in respondent's law office orally agreed to work together in a "loose association" on certain matters that they shared. Respondent thereafter sent a letter to each of the clients in those shared matters asking them to select either respondent or his former associate to handle their respective matters. Certain clients selected respondent's former associate rather than respondent, whereupon respondent without notice to his former associate wrote to those clients asking them to reconsider their decisions. Finally, the South Carolina Court found that, in 2009, respondent directed his paralegal to attend a deposition. The paralegal failed to disclose at the outset of the deposition that he was not an attorney and, after opposing counsel questioned the witness for approximately 30 minutes, opposing counsel learned that the paralegal was not an attorney and thus terminated the deposition.

This Court, upon receipt of a certified copy of the order of suspension entered by the South Carolina Court, directed respondent, by order entered January 26, 2012, to show cause why reciprocal discipline should not be imposed pursuant to 22 NYCRR 1022.22. Respondent filed papers in response to the order to show cause and waived his opportunity to appear before this Court on the return date thereof.

Pursuant to 22 NYCRR 1022.22, an attorney disciplined in another jurisdiction may be disciplined by this Court for the underlying misconduct unless we find "that the procedure in the foreign jurisdiction deprived the attorney of due process of

law, that there was insufficient proof that the attorney committed the misconduct, or, that the imposition of discipline would be unjust." Respondent failed to raise in response to this Court's order to show cause any factor that would preclude the imposition of reciprocal discipline. Accordingly, we conclude that respondent should be suspended for a period of 60 days, effective October 24, 2011.

SMITH, J.P., FAHEY, CARNI and SCONIERS, JJ., concur.

Order of suspension entered.